T.C. Summary Opinion 2011-32

UNITED STATES TAX COURT

SCOTT LYND SYMONDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23963-09S.                    Filed March 17, 2011.

Scott Lynd Symonds, pro se.

<u>Luanne DiMauro</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,382 in petitioner's 2007 Federal income tax.  After concessions,[2] the issues for decision are:  (1) Whether petitioner is entitled to a dependency exemption deduction for A.S.;[3] (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to the additional child tax credit.

### Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and the accompanying exhibits by this reference.  Petitioner resided in Connecticut when his petition was filed.

Petitioner and Marilee Peterson (Ms. Peterson) are the parents of A.S.  The couple never married.  Petitioner and Ms. Peterson could not resolve custody issues on their own and turned to the superior court in New Haven, Connecticut, to resolve the

---

[2]Respondent disallowed petitioner's claimed earned income credit (EIC).  Petitioner did not address the disallowance of the EIC in his petition; therefore this issue is deemed conceded. See Rule 34(b)(4).  Respondent also determined a change to petitioner's itemized deductions for 2007, reducing the claimed deduction by $1.  This issue was also not addressed in petitioner's petition and is deemed conceded.  See id.

[3]The Court refers to minor children by their initials.  See Rule 27(a)(3).

matter. An order was issued on November 9, 1999, outlining custody of and support for A.S.

The order provides as follows. Petitioner and Ms. Peterson have joint legal custody of A.S. and that Ms. Peterson has residential custody.[4] Petitioner's visitation begins at 8 a.m. on Tuesday and ends at 5 p.m. Thursday of each week. The order further provides that petitioner was to begin picking A.S. up after school in the fall of 2000 on Mondays with the same dropoff time on Thursdays. Petitioner and Ms. Peterson will alternate the holidays of Halloween, Thanksgiving, and Christmas. A.S. will spend Easter, Memorial Day, Labor Day, and New Year's Day with Ms. Peterson, unless the holiday falls on regularly scheduled time with petitioner. A.S. will spend the 4th of July with petitioner, and each parent will have 2 weeks' uninterrupted vacation each summer with A.S. Mother's Day and Father's Day will be spent with the appropriate parent.

The order also provides guidelines for child support as follows. Petitioner will pay Ms. Peterson $98 a week in child support, and Ms. Peterson will provide medical insurance for A.S. Ms. Peterson will pay the first $100 of unreimbursed medical costs, and petitioner will pay 44 percent of the remaining

---

[4]We interpret "residential custody" as equating to "physical custody".

unreimbursed medical costs. The November 9, 1999, order has not been modified.

In 2007 A.S. spent 50 percent of the time living with petitioner and the other 50 percent living with Ms. Peterson and her husband. Petitioner paid for A.S.'s private schooling at Hamden Hall Country Day School in 2007 and 50 percent of A.S.'s medical expenses in 2007. Petitioner reported $17,291 of adjusted gross income (AGI) for 2007. Ms. Peterson was unemployed in 2007, but her filing status and her household's AGI for 2007 are unknown.

Petitioner timely filed his Federal income tax return for 2007 (return). On the return petitioner claimed a dependency exemption deduction for A.S., head of household filing status, and the additional child tax credit. Petitioner attached to his return neither Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, nor a statement conforming to Form 8332 signed by Ms. Peterson.

Respondent issued a notice of deficiency dated July 6, 2009, determining a deficiency of $3,382. Respondent determined that petitioner is not entitled to a dependency exemption deduction for A.S., head of household filing status, or the additional child tax credit.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

## I. Dependency Exemption Deduction

Section 151 allows as a deduction an exemption for each dependent of the taxpayer. Sec. 151(c). Section 152(a)(1) defines the term "dependent" to include a qualifying child, provided that the requirements of relationship, residency, age, and support are met. See sec. 152(c).

Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who live apart at all times during the last 6 months of the calendar year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1).

Section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree" if there is one in effect. If there is no decree in effect, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Id.

Section 152(e)(2) provides an exception to the rule found in section 152(e)(1). If the noncustodial parent attaches to his or her Federal income tax return a signed, written declaration that the custodial parent will not claim the child for such taxable year, the child will be considered the qualifying child of the noncustodial parent. See sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). The special support test of section 152(e)(1) applies to parents who have never married each other. King v. Commissioner, 121 T.C. 245, 250 (2003).

The declaration required by section 152(e)(2)(A) must be made either on Form 8332 or in a statement conforming to the

substance of that form.  <u>Miller v. Commissioner</u>, 114 T.C. 184, 189 (2000).

We must decide which parent had custody of A.S. in 2007. The regulations provide two legal avenues to determine custody. First, the terms of the most recent decree in effect will determine custody.  See sec. 1.152-4(b), Income Tax Regs.  The unmodified 1999 order is still in effect and grants physical custody to Ms. Peterson.  Therefore, Ms. Peterson is the custodial parent of A.S.  The second legal avenue to determine custody applies only if there is no decree or separation agreement.  See <u>id.</u>  Because there is a custody order in effect, we need not examine which parent had physical custody of A.S. for the greater portion of 2007.

As the noncustodial parent, petitioner must attach to his return a written declaration from Ms. Peterson stating that she will not claim A.S. as a dependent for 2007.  See sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., <u>supra</u>. Petitioner did not attach to his return a signed, written declaration from Ms. Peterson relinquishing her claim to A.S. as her qualifying child for 2007.  See sec. 152(e)(2); <u>Miller v. Commissioner</u>, <u>supra</u>; sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., <u>supra</u>.

Petitioner argues that the AGI test of section 152(c)(4)(B)(ii) should be used to determine which parent can

claim A.S. as a qualifying child. Petitioner's reliance on that clause of section 152(c)(4)(B) is misplaced, as the provisions of section 152(e) are applicable "Notwithstanding[5] subsection * * * (c)(4)". Sec. 152(e)(1).

A.S. is the qualifying child and the dependent of Ms. Peterson for 2007. Therefore, petitioner is not entitled to a dependency exemption deduction for A.S. for 2007.

II. Head of Household Filing Status

Section 1(b) imposes a special income tax rate on an individual taxpayer who files a Federal income tax return as a head of household. Section 2(b) in pertinent part defines a head of household as an individual taxpayer who: (1) Is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a qualifying child of the individual. See also, e.g., Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

Since we find above that A.S. is not petitioner's qualifying child for 2007, petitioner is not entitled to head of household filing status. Petitioner's proper filing status is single for 2007.

_____

[5]The legal definition of notwithstanding is "Despite; in spite of". Black's Law Dictionary 1094 (8th ed. 2004).

III. Additional Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[6] The child tax credit may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

As previously discussed, A.S. was not petitioner's qualifying child for 2007. Therefore petitioner is not entitled to the additional child tax credit for 2007.

### Conclusion

For the reasons discussed herein, petitioner is not entitled to a dependency exemption deduction, head of household filing status, or the additional child tax credit for 2007. Respondent's determination is therefore sustained.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

---

[6]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which an individual's modified AGI exceeds specified amounts not relevant herein. See sec. 24(b).

To reflect the foregoing,

Decision will be entered

for respondent.